**IN RE: Cassandra N. EDWARDS, Debtor.**

**Case No. 15–36323 (CGM)**

United States Bankruptcy Court, S.D. New York.

Signed April 15, 2016

Cassandra N. Edwards, pro se

Municipal Credit Union, 22 Cortland Street, New York, NY 10007, By: Daniel K. Wiig, Esq.

## MEMORANDUM DECISION AND ORDER DECLARING THE REAFFIRMATION AGREEMENT BETWEEN DEBTOR AND MUNICIPAL CREDIT UNION UNENFORCEABLE

CECELIA G. MORRIS, CHIEF UNITED STATES BANKRUPTCY JUDGE

Before the Court is Debtor's request to have the Court declare her reaffirmation agreement with Municipal Credit Union rescinded. As the agreement was never approved by the Court, it never became effective and therefore, need not have been rescinded by the Debtor to be unenforceable.

### *Jurisdiction*

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); and (K) (determinations as to the dischargeability of particular debts).

### Background

Debtor filed this chapter 7 case on July 20, 2016. Vol. Pet., ECF [1] No. 1. She received her discharge and the case was closed on December 14, 2015. Order, ECF No. 20. The case has not been re-opened.

While the case was open, and before the discharge was entered, a reaffirmation agreement between Debtor and Municipal Credit Union ("MCU") was filed with the Court. Reaff., ECF No. 12. Pursuant to that reaffirmation agreement, Debtor agreed to pay back $14,805.26 at 5.95% interest with a payments of $556.20 per month for 29 months, for a loan secured by her 2011 Dodge Durango. *Id.* After the case was closed, on February 24, 2016, Debtor filed a letter claiming that after signing the reaffirmation agreement, she decided that she could not afford the truck and rescinded the agreement. Ltr. from Debtor, ECF No. 22. She alleges that by adding MCU as a creditor in her bank-ruptcy schedules, she believed that she "rescinded" her agreement. *Id.*

In response to Debtor's letter, MCU filed a declaration by their attorney Daniel Wiig, arguing Debtor intended to reaffirm her debt with MCU and that her attempt to amend the schedules has no effect on the validity of a reaffirmation agreement. MCU Resp. ¶ 6, ECF No. 25. MCU ar-gues that Debtor called on January 15, 2016 and asked to voluntarily surrender the vehicle. *Id.* ¶ 12. MCU alleges that the Debtor chose to surrender the vehicle because it became disabled two months prior. *Id.* ¶ 13. It is not disputed that the Debtor called MCU and advised that she wished to return the truck. *Id.* ¶ 12. MCU repossessed the vehicle on February 2, 2016. *Id.* ¶ 15.

The parties then filed additional docu-ments; each containing arguments about what happened after the case was closed. *See* Debtor Resp., ECF No. 27; Ltr from MCU, ECF No. 28; Second MCU Resp., ECF No. 34. Because the Debtor is pro se, the Court will treat her letter as a motion for a declaration as to the status of her reaffirmation agreement.

### Discussion

To protect debtors who are not repre-sented by an attorney in the course of negotiating a reaffirmation agreement, the Bankruptcy Code contains procedural safe-guards meant to prevent Debtors from unknowingly or unintelligently reaffirming a debt with a creditor. Those safeguards are contained in § 524 in subsections (c)(6) and (d). Section 524(c)(6)(A) states that in cases in which a debtor is proceeding *pro se,* a reaffirmation agreement is only en-forceable if "the court approves such agreement as (1) not imposing an undue hardship on the debtor or a dependent of the debtor; and (2) in the best interest of the debtor." 11 U.S.C. § 524(c)(6)(A). In addition, § 524(d) requires that the court conduct a hearing to inform the debtor that the agreement is not required under any law or prior agreement between the parties and to advise the debtor of the legal effect and consequences of the reaf-firmation agreement and any default under the agreement. 11 U.S.C. § 524(d).

While this seems straightforward at first glance, it is made more complicated by § 524(m)(2). Section 524(m)(2) states: *"This subsection* does not apply to reaffir-mation agreements where the creditor is a credit union, as defined in section 19(b)(1)(A)(iv) of the Federal Reserve

---

1. Unless otherwise indicated, all references to documents are contained on the electronic docket of case *In re Edwards,* No. 15–36323 (Bankr.S.D.N.Y.2015).

Act." 11 U.S.C. § 524(m)(2) (emphasis added). Thus, § 524(m)(2) is sometimes interpreted to mean that no reaffirmations are reviewable by the Court. However, § 524(m)(2)—by its own terms—only eliminates the protections afforded a debtor under § 524(m)(1). The duties and responsibilities required of the Court in pro se cases are found under §§ 524(c)(6) and 524(d)(2)—making § 524(m)(2) inapplicable in pro se cases. *See In re Cooper*, 2012 WL 566070, at *5, 2012 Bankr.LEXIS 604 (Bankr.D.Kan. Feb. 21, 2012) ("The requirements of § 524(c)(6) operate wholly independently of the requirements of § 524(m)(1), and are not affected by the provisions of § 524(m)(2)."). Unlike the requirements of § 524(m)(1), which do not apply to debts owed to credit unions, the only exception to the requirements of § 524(c)(6) are reaffirmation agreements where the debt is a consumer debt secured by real property. *Id.*

Section 524(c)(6) is an important part of the overall protections afforded by Congress to pro se debtors who are seeking to reaffirm debts with any creditor, including credit unions. I do not think it was merely an oversight by Congress. In fact, Congress required that the disclosures mandated in every reaffirmation include these sentences: "If you were not represented by an attorney during the negotiation of your reaffirmation agreements, it will not be effective unless the court approves it.... The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests [unless debt secures real property]." Nothing in the statutorily mandated disclo-

sures excepts reaffirmation agreements with credit unions.

*Id.*

The Official Bankruptcy Form B240A,[2] which is required to be used when reaffirming a debt clearly states:

**When will this Reaffirmation Agreement be effective?**

a. **If you** *were* **represented by an attorney during the negotiation of your Reaffirmation Agreement and**

i. **if the creditor is not a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

ii. **if the creditor is a Credit Union,** your Reaffirmation Agreement becomes effective when it is filed with the court.

b. **If you** *were not* **represented by an attorney during the negotiation of your Reaffirmation Agreement,** the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agree-

---

**2.** This form can be http://www.uscourts.gov/forms/bankruptcy-forms/reaffirmation-documents. This form was the applicable form in place at the time Debtor signed her reaffirma-

tion agreement and was the form used by the Debtor and MCU. It was superseded on December 1, 2015 by form B2400 A/B, which contains similar language.

ment. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

Official Form B240A, pt.5(A) (question 6).

Not only should both Debtor and MCU be aware of this requirement but both should have read and acknowledged same when attempting to reaffirm the debt in question here. In this case, the Court never held the hearing required by § 524(c)(6). That section makes clear that a reaffirmation agreement is only enforceable if the court approves such agreement. Because the Court never held the hearing, the agreement was never approved and the agreement is unenforceable and the underlying debt has been discharged. Any postpetition collection attempts by MCU, including payments deducted after receiving its collateral, could be violations of the discharge injunction.

### Conclusion

For the foregoing reasons, the Court here **ORDERED** that the reaffirmation agreement between the Debtor and MCU is unenforceable. Debtor may seek to reopen the case and seek sanctions against MCU.